

GARY M. RESTAINO
United States Attorney
District of Arizona

SHEILA PHILLIPS
Assistant United States Attorney
Michigan State Bar No. P51656
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: sheila.phillips2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. | CR-22-1231-PHX-GMS (MHB) |
|---|---|---|
| Plaintiff, | | |
| vs. | | **INDICTMENT** |
| Dale Stuart Burroughs, | VIO: | 18 U.S.C. § 924(a)(1)(A) (False Statement During the Purchase of a Firearm) Counts 1 – 4 |
| Defendant. | | 18 U.S.C. §§ 924(d) and 981; 21 U.S.C. §§ 853 and 881; and 28 U.S.C. § 2461(c) (Forfeiture Allegations) |

**THE GRAND JURY CHARGES**:

**COUNTS 1 – 4**

On or about the dates listed below, in the District of Arizona, Defendant DALE STUART BURROUGHS knowingly made false statements and representations to Tombstone Tactical in Phoenix, Arizona, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Tombstone Tactical in Phoenix, Arizona, in that Defendant DALE STUART BURROUGHS did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating that Defendant DALE STUART BURROUGHS resided at an address in Tucson

Arizona, whereas in truth and fact, Defendant DALE STUART BURROUGHS knew that he resided at a different address:

| Count | Date | Number of Firearms |
|---|---|---|
| 1 | 6/1/2021 | 3 |
| 2 | 8/27/2021 | 20 |
| 3 | 8/27/2021 | 1 |
| 4 | 3/1/2022 | 23 |

In violation of Title 18, United States Code, Section 924(a)(1)(A).

### **FORFEITURE ALLEGATIONS**

The Grand Jury realleges and incorporates the allegations of Counts 1 through 4 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offense(s) alleged in Counts 1 through 4 of this Indictment, the defendant shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the defendant is liable.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

*S/*

FOREPERSON OF THE GRAND JURY
Date:  September 20, 2022

GARY M. RESTAINO
United States Attorney
District of Arizona

*S/*

SHEILA PHILLIPS
Assistant U.S. Attorney